# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-05-81-RAW |
| ) | |
| GWYENNE PHILLIPS, a/k/a ) | |
| JOWAYNE PHILLIPS, a/k/a "TEE" ) | |
| PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the motion of the defendant requesting the court to reopen his criminal case. On November 9, 2005, the defendant was convicted by a jury of three counts: (1) interference with commerce by robbery in violation of 18 U.S.C. §1951(a); (2) felon in possession of firearm, in violation of 18 U.S.C. §922(g)(1); (3) possession, carry and use of a firearm during a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A). The court granted defendant's motion for acquittal as to Counts 1 and 3, with the conviction as to Count 2 unaffected.

The conviction was affirmed on appeal. *See United States v. Phillips,* 468 F.3d 1264 (10th Cir.2006). Subsequently, defendant filed a motion pursuant to 28 U.S.C. §2255, which this court denied. *See United States v. Phillips,* 2008 WL 2550408 (E.D.Okla.2008). Defendant's request for certificate of appealability was then denied by the appellate court. *See United States v. Phillips,* 305 Fed. Appx. 508 (10th Cir.2008).

Defendant now brings the present motion, which he asserts is brought pursuant to Rule 60(b) F.R.Cv.P. Generally, Rule 60(b) has no applicability to a criminal proceeding. *See United States v. Taylor,* 381 Fed.Appx. 876 (10th Cir.2010). There is an exception when a Rule 60(b) motion is filed within a §2255 proceeding itself. Then the court must determine if the motion is a "true" Rule 60(b) motion, such as when it challenges a defect in the integrity of the habeas proceeding. *See Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir.2006). Defendant makes a passing reference in footnote 1 of his motion that the court should reopen his previous §2255 proceeding, based upon *Bounds v. Smith,* 430 U.S. 817 (1977), which recognized a "fundamental right of access to courts" requiring prisons to provide adequate law libraries or legal assistance. *Id.* at 828. This court notes that "*Bounds* did not create an abstract, free-standing right to a law library." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). A petitioner must make a demonstration that the alleged deprivations in the library actually hindered his efforts to pursue a claim. *Id.* Here, defendant's conclusory statement is insufficient. Therefore, the court finds this is not a "true" 60(b) motion.

Inasmuch as Rule 60(b) is not applicable, the court must recharacterize the motion as either a motion cognizable under the Federal Rules of Criminal Procedure or a §2255 motion. *United States v. Taylor,* 381 Fed. Appx. 876 (10th Cir.2010). In the present motion, defendant presents challenges to applications of the Sentencing Guidelines at his original sentencing. Such claims could have been raised at sentencing or in his original §2255 motion. The court finds the motion to be second and successive. Thus, the court must

2

consider whether to dismiss the petition or transfer the matter to the Tenth Circuit. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir.2008). "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. §2255(h)." *United States v. Lara-Jimenez,* 377 Fed. Appx. 820, 822 (10th Cir.2010). The present motion does not meet those requirements (newly discovered evidence or new rule of constitutional law). The motion is also well beyond the one-year limitation in §2255(f). Therefore, dismissal is appropriate.

It is the order of the court that the motion of the defendant (#60) is dismissed for lack of jurisdiction.

**ORDERED THIS 24th DAY OF JANUARY, 2012.**


**Dated this 24th day of January, 2012.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma